Filed 3/8/21  P. v. Sherman CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRELL SHERMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B306629<br>(Super. Ct. No. TA147828)<br>(Los Angeles County) |

A woman was standing beside an SUV talking with the two people inside.  When a man walked by, the woman greeted him with phrases used by an area gang.  The man walked up to the woman, pulled out a gun, and shot her twice.  He then shot the two people in the SUV.  The woman standing beside the SUV died at the scene.

One of the passengers in the SUV identified Darrell Sherman as the shooter in a photo array.  He identified Sherman as the shooter again at the preliminary hearing.

Police examined Sherman's social media accounts and found numerous references to a rival gang of that associated

with the woman killed next to the SUV.  A gang expert testified at trial that Sherman was a member of the rival gang and that a hypothetical shooting similar to the one that occurred in this case would have been committed for the benefit of that gang.

Police also searched Sherman's cell phone and found a text message sent approximately 40 minutes after the shooting. In it, Sherman bragged that he had just killed three members of a rival gang.

A jury convicted Sherman of first degree murder (Pen. Code,[1] §§ 187, subd. (a), 189, subd. (a); count 1), two counts of attempted murder (§§ 664/187, subd. (a); counts 2 & 3), shooting at an occupied motor vehicle (§ 246; count 4), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 5). The jury also found true allegations that Sherman personally and intentionally discharged a firearm causing death or great bodily injury when he committed the crimes charged in counts 1 through 4 (§ 12022.53, subd. (d)), and that he committed all of his crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)).  Sherman subsequently admitted that he had suffered a prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and prior serious felony conviction (§ 667, subd. (a)(1)).  The trial court sentenced him to 200 years four months to life in state prison.  It ordered him to pay victim restitution (§ 1202.4, subd. (f)), but struck the restitution fines (§§ 1202.4, subd. (b), 1202.45), court operations assessments (§ 1465.8), and court facilities assessments (Gov. Code, § 70373).

We appointed counsel to represent Sherman in this appeal.  After counsel examined the record, he filed an opening brief that raises no arguable issues.  On December 15, 2020, we

[1] Unlabeled statutory references are to the Penal Code.

advised Sherman by mail that he had 30 days within which to submit any contentions or issues he wished us to consider. We have not received a response.

We reviewed the entire record and found that the abstracts of judgment incorrectly state that the trial court ordered Sherman to pay restitution fines, court operations assessments, and court facilities assessments. These clerical errors must be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We are otherwise satisfied that Sherman's attorney fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The clerk of the superior court shall prepare amended abstracts of judgment that strike the restitution fines, court operations assessments, and court facilities assessments, and forward copies to the Department of Corrections and Rehabilitation. In all other respects, the judgment in affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

H. Clay Jacke II, Judge

Superior Court County of Los Angeles

_____

Peter H. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.